IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION RECEIVED

| | |
|---|---|
| FARMERS TELECOMMUNICATIONS ) COOPERATIVE, INC., ) ) Plaintiff, ) ) v. ) ) VERIZON COMMUNICATIONS, INC., ) VERIZON BUSINESS, QWEST ) COMMUNICATIONS INTERNATION- ) AL, INC., and Fictitious Defendants A, B, ) C, and D, ) ) Defendants. ) | 2006 SEP -1  P 4: 14 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA CIVIL CASE NO. 2: 06 CV 790 |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Farmers Telecommunications Cooperative, Inc. ("Farmers"), and

seeks a declaratory ruling from the Court regarding the rights and responsibilities of Plaintiff and

Defendants in regard to certain payments due and owing to Plaintiff, as set forth below.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as a

diversity action between parties of different states involving an amount in controversy in excess of

$75,000, and federal question jurisdiction pursuant to 28 U.S.C. § 1331, as all parties are providers

of telephone service pursuant to the amendments to the federal Communications Act, 47 U.S.C. §§

151, *et seq.* contained in the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56

(1996).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because each defendant is subject to personal jurisdiction in this District, and thus may be considered to reside therein.

**PARTIES**

3.      Plaintiff Farmers Telecommunications Cooperative, Inc., is an Alabama corporation with its principal place of business in Rainsville, Alabama.

4.      Defendant Verizon Communications, Inc. ("Verizon") is a Delaware corporation with its principal place of business in New York doing business in the State of Alabama at all times relevant to this Complaint.

5.      Defendant Verizon Business ("Verizon Business"), on information and belief, is a unit of Verizon which may or may not be an incorporated entity.

6.      Defendant Qwest Communications International, Inc. ("Qwest") is a Delaware corporation with its principal place of business in Colorado doing business in the State of Alabama.

7.      Fictitious Defendants A and B are parent or subsidiary corporations of Verizon or Verizon Business, the names of which Farmers has as yet been unable to discover.  This District has shown a recent receptiveness to limited fictitious party pleading in a federal question case, see *Lewis v. City of Montgomery*, [No. 2:04-CV-858-WKW, June 27, 2006], ___F. Supp. 2d ___, ___(M.D. Ala. 2006), and the 11th Circuit has held that Alabama's fictitious party practice may be employed in a diversity case. *Saxton v. ACF Indus., Inc.*, 254 F.3d 959 (11th Cir. 2001).  For the sake of simplicity, "Verizon" hereinafter shall be used to refer to any or all of the following: Verizon, Verizon Business, Fictitious Defendant A, and/or Fictitious Defendant B.

8.      Fictitious Defendants C and D are parent or subsidiary corporations of Qwest, the names of which Farmers has as yet been unable to discover.  This District has shown a recent

2

receptiveness to limited fictitious party pleading in a federal question case, see *Lewis v. City of Montgomery*, [No. 2:04-CV-858-WKW, June 27, 2006], ___F. Supp. 2d ___, ___(M.D. Ala. 2006), and the 11th Circuit has held that Alabama's fictitious party practice may be employed in a diversity case. *Saxton v. ACF Indus., Inc.*, 254 F.3d 959 (11th Cir. 2001). For the sake of simplicity, "Qwest" hereinafter shall be used to refer to any or all of the following: Qwest, Fictitious Defendant C, and/or Fictitious Defendant D. Where more specific references to specific parties are needed, such will be provided.

## GENERAL ALLEGATIONS

9.      Farmers is an incumbent local exchange carrier ("ILEC") providing telecommunications service to customers located in DeKalb and Jackson counties in Alabama.

10.     Farmers provides switched and special access to long distance inter-exchange carriers ("IXCs"), which allows IXCs to transport or terminate telecommunications traffic to their end users via Farmers' network.

11.     With certain exceptions irrelevant to the instant action, Farmers has adopted the National Exchange Carrier Association's ("NECA") Tariff No. 5, which governs the terms and conditions relevant to the provisioning of interstate telecommunications access services, and has been adopted as well for purposes of intrastate telecommunications access under relevant intrastate access tariffs. An IXC's act of using a carrier's network to terminate telecommunications traffic constitutes that IXC's agreement with the terms and conditions of that carrier's tariff.

12.     In order to bill IXCs for their use of its network, Farmers determines the user's identity by a Carrier Identification Code ("CIC") assigned by the North American Numbering Plan Administrator ("NANPA"), an independent entity selected by the Federal Communications Commission ("FCC") to administer the numbering plan for the Public Switched Telephone

3

Network. Farmers is unable to determine the source of traffic traversing its network in the absence of a Carrier Identification Code.

13.    CIC 0432 was assigned to LiTel Telecommunications ("LiTel") prior to 1992. LiTel later changed its name to LCI International, Inc. ("LCI"). Upon information and belief, Qwest later acquired LiTel/LCI.

14.    Farmers has billed LiTel/LCI in accordance with its tariff for all access charges incurred by CIC 0432 since at least October of 2000, at last address known to Farmers:

LCI 432
5040 Ritter Road
PO Box 2038
Mechanicsburg, PA  17055

Upon information and belief, 5040 Ritter Road is the address of a billing solution, mail processing and remittance processing company utilized by Defendant Verizon.

15.    From at least January 2003 to April 2006, Verizon remitted payment to Farmers for all such invoices without dispute, which was accepted in good faith by Farmers. Farmers has never received notice from Verizon or Qwest that its billing information or address was incorrect or that any other change should be made in the billing arrangements.

16.    On June 15, 2006, Farmers received a request by electronic mail from Verizon for repayment in the amount of $639,997.21 for access charges incurred by CIC 0432 and paid by Verizon from January 2003 to April 2006. As Verizon contended in said demand for repayment, CIC 0432 "belongs to Qwest, and has not been on our network since July 2003."

17.    Farmers has informed Qwest of Verizon's claims. Qwest has failed to acknowledge responsibility for such payments and has asserted that its liability, in any event, would be limited to the last twenty-four (24) months, or to June 2004.

4

## COUNT ONE

18.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-17 above.

19.     Section 2.1.2(A) of NECA's Tariff No. 5, with which Farmers' access tariff concurs, provides, in pertinent part, that when a customer assigns or transfers services provided under said tariff, the customer must notify the carrier of such assignment or transfer.

20.     Section 13.4(I) of NECA's Tariff further provides, in pertinent part:

> If an [IXC] elects to change or discontinue use of a Carrier Identification Code (CIC) ..., the [IXC] will identify to the Telephone Company any affected end users and advise the Telephone Company of the new CIC to be assigned to these end users.  If the CIC change involves a change of carrier for any end users, the [IXC] will notify the affected end users of the change. The Telephone Company will change the predesignated carrier code of each end user identified by the [IXC] to the new CIC and bill the [IXC] [a] nonrecurring charge ... for each end user line or trunk that is changed.

21.     Farmers has not received notice of any change in the assignment of CIC 0432, any change in identity of the party using CIC 0432, or any change in the billing address associated with such code.

22.     Verizon has consistently and without objection paid the bills for CIC 0432 addressed to "LCI" since January 2003, which were accepted in good faith by Farmers.  Despite having paid these bills, Verizon has now demanded a refund of overpayments allegedly made to Farmers since January 2003.

23.     Because Verizon has never notified Farmers of any change concerning the billing for CIC 0432, Farmers respectfully requests that this Court enter a judgment declaring that Verizon has breached the terms of the tariff, with which it agreed to comply when it terminated telecommunications traffic on Farmers' network.

24.    Farmers additionally requests that this Honorable Court enter a judgment declaring that because Verizon has breached the terms of Farmers' tariff, Farmers has no obligation to refund any payments paid by Verizon and now being disputed as a result of transactions that may have occurred between Qwest and Verizon, to which Farmers was not a party.

## COUNT TWO

25.    Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-24 above.

26.    The applicable statute of limitations pursuant to 47 U.S.C. § 415(b) or (c) for any action seeking damages or recovery of alleged overcharges due Verizon for interstate traffic transported on Farmers network is limited to two (2) years preceding June 15, 2006.

27.    Farmers therefore respectfully requests that should this Honorable Court enter a judgment declaring any adjudication of liability on the part of Farmers to Verizon for such repayments or refund of overpayments, that this Court also enter a judgment declaring that any such liability is expressly limited to those damages or overpayments accruing after June 15, 2004.

## COUNT THREE

28.    Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-27 above.

29.    Verizon paid bills without objection for over three (3) years before notifying Farmers of its intention to cease payment and to demand repayment from Farmers.

30.    To the extent Verizon may be otherwise entitled to some form of equitable relief, Farmers respectfully requests that this Honorable Court enter a judgment declaring that Verizon

6

has "slept on its rights" and is barred from the recoupment of its payments under the doctrine of laches.

## COUNT FOUR

31.    Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-30 above.

32.    Should this Honorable Court determine that Farmers is liable to repay Verizon for accepting its voluntary payment of bills, Farmers requests a judgment declaring that Farmers is entitled to full indemnity from Qwest.

33.    Sections 2.1.3(D)(2)(C) and 2.3.9(C) of NECA's Tariff No. 5 provide that the customer, which is defined so as to include interexchange carriers such as Qwest, shall indemnify Farmers for, and defend and hold Farmers harmless against any claim, loss, damages (including punitive), lawsuit, attorney fees, and/or and court costs arising out of the customer's acts or omissions in the course of using services provided pursuant to the tariff.

34.    Farmers therefore respectfully requests that should this Honorable Court enter a judgment declaring that Farmers is liable to Verizon for any amount, this Court also enter a judgment declaring that any such amount must be fully indemnified by Qwest.

## COUNT FIVE

35.    Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-35 above.

36.    By transporting and/or terminating traffic on Farmers' network, Qwest is bound by the terms of NECA's Tariff No. 5, which Farmers has adopted.

7

37.    Because Qwest is bound by the terms and conditions of Farmers' tariff, it is responsible for the payment of any and all charges traceable to CIC 0432 and billed to it as the IXC identifiable by that CIC.

38.    Farmers therefore respectfully requests that this Honorable Court enter a judgment declaring that to the extent Verizon is not liable for any payments to Farmers, Qwest is liable for all charges attributable to the use of the IXC identifiable as CIC 0432 for the period in question.

<b><u>COUNT SIX</u></b>

39.    Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-39 above.

40.    Should this Honorable Court determine that Farmers is liable to repay Verizon for accepting the latter's voluntary payment of bills, Farmers requests a judgment declaring that Farmers is entitled to recovery for Qwest's unjust enrichment.

41.    At all times from January 2003, Qwest knew that it was receiving access to Farmers' network.

42.    At all times during this period, Qwest had the ability to cease its use of and/or access to Farmers' facilities.

43.    At no time during this period did Qwest cease its use of and/or access to Farmers' facilities, or in any way attempt to do so.

44.    Farmers does not provide access to its facilities gratuitously; it expects to be paid for such access.

45.    Were Qwest to receive the benefit of Farmers' valuable services without paying for those services, Qwest would be unjustly enriched.

8

46.     Farmers therefore respectfully requests that should this Honorable Court enter a judgment declaring that Farmers is liable to Verizon for any amount, this Court also enter a judgment declaring that Qwest has been unjustly enriched by Farmers' provision of services, and that Qwest therefore is liable to Farmers for said unjust enrichment.

## PRAYER FOR RELIEF

47.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-43 above.

WHEREFORE, Plaintiff Farmers Telecommunications Cooperative, Inc. prays that this Court enter a judgment declaring:

A.     That Farmers has no legal or equitable obligation to repay Verizon or to seek indemnity from Qwest for any interstate or intrastate access charges incurred by CIC 0432 for telecommunications traffic traversing Farmers' telephone network.

B.     In the alternative, that Verizon is not entitled to any such repayment or refund of overpayments in excess of those payments prior to June 15, 2004.

C.     That, to the extent that any repayment is due from Farmers to Verizon, that such amount is owed first by Qwest to Farmers, either as payment of tariff charges, as indemnity for Farmers' loss, or in respect of Qwest's unjust enrichment.

Respectfully submitted on this 1st day of September, 2006.

MARK D. WILKERSON (WIL072)
DANA H. BILLINGSLEY (BIL012)
JONATHAN M. HOOKS (HOO032)
PATRICK H. TATE (TAT006)
Attorneys for Plaintiff Farmers Telecommunications
Cooperative, Inc.

9

OF COUNSEL:
WILKERSON & BRYAN, P.C.
P.O. Box 830
405 South Hull Street
Montgomery, Alabama  36101-0830
(205) 265-1500
(334) 265-0319 – *fax*
mark@wilkersonbryan.com
dana@wilkersonbryan.com
jonathan@wilkersonbryan.com

PATRICK H. TATE, P.A.
P. O. Box 680593
Fort Payne, AL 35967-0593
(256) 845-1047
(256) 845-1045 – *fax*
phtate@farmerstel.com

Plaintiff's Address:
144 McCurdy Avenue North
Rainsville, Alabama 35986

Defendants' Addresses:
**Verizon:**
140 West Street
New York, New York 10007

**Qwest:**
1801 California Street
Denver, Colorado 80202