IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FARMERS TELECOMMUNICATIONS )<br>COOPERATIVE, INC., )<br>   )<br>   Plaintiff, )<br>   )<br>v. )<br>   )<br>VERIZON BUSINESS NETWORK )<br>SERVICES INC. and QWEST )<br>COMMUNICATIONS CORPORATION, )<br>   )<br>   Defendants. ) | CIVIL ACTION NO. 2:06-cv-00790-WC |

## PROPOSED DISCOVERY PLAN

COME NOW Plaintiff Farmers Telecommunications Cooperative, Inc. ("Farmers") and Defendants Verizon Business Network Services Inc. ("Verizon Business") and Qwest Communications Corporation ("QCC") and provide the following report of the parties' planning meeting required by Fed. R. Civ. P. 26(f).

**Rule 26(f) Conference**

The parties conferred by telephone on Friday, January 5, 2007. Participating on behalf of Farmers were Mark D. Wilkerson, Dana H. Billingsley, and Jonathan M. Hooks. Participating on behalf of Verizon Business were Bryan O. Balogh, Scott H. Angstreich, and James J. Williams. Participating on behalf of QCC was Leigh Anne Hodge.

**Initial Disclosures**

As set forth in a notice of joint stipulation filed with the Court on December 15, 2006, the parties have agreed that the disclosures required by Fed. R. Civ. P. 26(a)(1) must be made by February 15, 2007. At this time the parties contemplate no additional changes in the timing, form, or requirement for such initial disclosures. Under the aforementioned joint stipulation,

February 15, 2007 will serve not only as the deadline for initial disclosures, but also for commencement of discovery.

**Discovery – Subjects, Completion, and Method**

Discovery will be conducted on any allegation or defense raised in any pleading. The parties agree that all discovery relating to this action will be completed within six (9) months of commencement, or by November 15, 2007.

**Issues Relating to the Disclosure or Discovery of Electronically-Stored Information**

Because all parties are engaged in various operations within the telecommunications industry, their internal systems store, process, and utilize a large volume of highly-technical data. The ever-increasing need for capacity of a size sufficient to store this information in a readily-retrievable location results in frequent deletion or archiving of old data such that as data "ages," it becomes incrementally more difficult to retrieve in a cost-efficient manner. The federal rules acknowledge such a situation in Fed. R. Civ. P. 26(b)(2). Nevertheless, all parties have agreed to use their best efforts to ensure that all data concerning the facts at issue is preserved, and preserved in a format that will be useable by any party which has a need for such data.

**Issues Relating to Claims of Privilege, Work-Product Protections, etc.**

The parties foresee nothing extraordinary concerning privilege or work-product claims. To the degree that such issues arise, the parties agree that the procedures and guidelines established by the Federal Rules of Civil Procedure are adequate to resolve any such problems.

**Changes to Limitations on Discovery**

The parties agree that the limitations imposed on discovery by the federal rules and any applicable rules governing practice in the Middle District of Alabama are sufficient to guide the parties. Where the rules do not impose such limitations, and because certain prescribed

limitations may be altered by motion to the Court, the parties have agreed that in the absence of a stipulation to the contrary, the following limitations shall govern:

> *Interrogatories* **-** Maximum of 25 interrogatories by each party to any other party.
>
> *Depositions* - Maximum of 10 depositions by each party.
>
> *Requests for Admission* **-** Maximum of 25 requests for admission by each party to any party.
>
> *Requests for Production* – Maximum of 25 Requests for Production by each party to any party.
>
> *Reports from retained experts* under Rule 26(a)(2) due from:
> - Farmers: by June 1, 2007.
>
> - Defendants: by July 16, 2007.
>
> *Depositions of retained experts* – Each party shall make its expert(s) available for deposition no later than thirty (30) days after the expert's report has been submitted.
>
> *Supplementations under Rule 26(e)* – The parties shall supplement their disclosures and other responses to requests for discovery no later than two months after the disclosure was made (or supplemented) or the response was provided (or supplemented). In any event, however, the parties shall make any necessary final supplementations on or before November 15, 2007.

**Other Items**

The parties do not request a conference with the Court before entry of the scheduling order.

Amendments to the pleadings will be governed by Fed. R. Civ. P. 15. In any event, however, Farmers shall be allowed until July 1, 2007 to join additional parties and amend pleadings. Defendants shall be allowed until July 25, 2007 to join additional parties and amend their pleadings.

All potentially dispositive motions shall be filed no later than October 31, 2007.

Settlement cannot be realistically evaluated prior to April 1, 2007.

The parties request a final pretrial conference in December 2007.

Final lists of trial evidence (witnesses and exhibits) under Rule 26(a)(3) should be due from all parties by 30 days before trial.

Parties should have 10 days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

The case should be ready for trial by January 2008, and at this time is expected to take approximately 3 days.

Respectfully submitted, this 12th day of January, 2007.

                                                s/s Jonathan M. Hooks
                                                MARK D. WILKERSON (WIL072)
                                                DANA H. BILLINGSLEY (BIL012)
                                                JONATHAN M. HOOKS (HOO032)
                                                PATRICK H. TATE (TAT006)
                                                Attorneys for Plaintiff Farmers
                                                Telecommunications Cooperative, Inc.

OF COUNSEL:
WILKERSON & BRYAN, P.C.
P.O. Box 830
405 South Hull Street
Montgomery, Alabama  36101-0830
(205) 265-1500
(334) 265-0319 – *fax*
mark@wilkersonbryan.com
dana@wilkersonbryan.com
jonathan@wilkersonbryan.com


OF COUNSEL:
P.O. Box 680593
Fort Payne, AL 35968
256-845-1047
256-845-1094 – *fax*
phtate@farmerstel.com

/s/ Bryan O. Balogh
BRYAN O. BALOGH (BAL026)
Attorney for Defendant Verizon Business
Network Services Inc.

OF COUNSEL:
STARNES & ATCHISON
P.O. Box 598512
Birmingham, AL 35259-8512
205-868-6000
205-868-6099 - *fax*
bob@starneslaw.com

/s/ Leigh Anne Hodge
LEIGH ANNE HODGE (ASB-1008-E49L)
Attorney for Defendant Qwest
Communications Corporation

OF COUNSEL:
BALCH & BINGHAM, LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
(205) 226-8724
(205) 488-5698 - *fax*
lhodge@balch.com

5