**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **FARMERS TELECOMMUNICATIONS COOPERATIVE, INC.,** | ) )  ) |
| **Plaintiff,** | ) ) |
| v. | ) **CIVIL ACTION NO. 2:06-cv-00790-WC** ) |
| **VERIZON BUSINESS NETWORK SERVICES INC. and QWEST COMMUNICATIONS CORPORATION,** | ) ) ) ) |
| **Defendants.** | ) ) |

**ANSWER OF DEFENDANT QWEST COMMUNICATIONS CORPORATION**

Defendant Qwest Communications Corporation (improperly named as Qwest Communications International, Inc.) ("Qwest") answers plaintiff's complaint as follows:

**Jurisdiction and Venue**

1.  Qwest admits that plaintiff seeks to invoke the jurisdiction of this Court as alleged.

2.  Qwest admits that venue is proper in this judicial district.

**Parties**

3.  Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.

4.  No response to this allegation is required of Qwest.

5.  No response to this allegation is required of Qwest.

6.  Qwest admits the allegations of paragraph 6.

7.  No response to this allegation is required of Qwest.

177539.1

8. Qwest denies the legal conclusions contained in paragraph 8, avers that, as substituted by its own filing, Qwest Communications Corporation is the appropriate defendant, and otherwise denies the allegations of paragraph 8.

### General Allegations

9. Qwest admits the allegations of paragraph 9.

10. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10.

11. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 11. The allegations of the second sentence of 11 constitute a legal conclusion, which Qwest denies.

12. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12.

13. For answer to paragraph 13, Qwest avers that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning matters preceding 1992, admits that Qwest merged with LCI International, Inc. ("LCI") in December, 2001, but is without knowledge sufficient to form a belief as to the truth or falsity of the allegation that LiTel Telecommunications changed its name to LCI.

14. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14.

15. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15.

16. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16.

17. Quest admits that plaintiff informed it of plaintiff's claims, but otherwise denies the allegations of paragraph 17.

### **Count One**

18. Qwest adopts and incorporates its responses to paragraphs 1 through 17 as if fully set forth herein.

19. For answer to paragraph 19, Qwest avers that Section 2.1.2(A) of NECA Tariff 5 speaks for itself and denies any characterization of its meaning or content contrary to its plain meaning.

20. For answer to paragraph 20, Qwest avers that Section 13.4(I) of NECA Tariff 5 speaks for itself and denies any characterization of its meaning or content contrary to its plain meaning.

21. Qwest denies the allegations of paragraph 21.

22. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22.

23. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23.

24. Qwest admits that plaintiff seeks the relief specified in paragraph 24, but denies that plaintiff is entitled to any relief against Qwest.

### **Count Two**

25. Qwest adopts and incorporates its responses to paragraphs 1 through 24 as if fully set forth herein.

26. For answer to paragraph 26, Qwest avers that 47 U.S.C. § 415 speaks for itself and denies any characterization of its meaning or content contrary to its plain meaning.

27. Qwest admits that plaintiff seeks the relief specified in paragraph 27, but denies that plaintiff is entitled to any relief against Qwest.

## Count Three

28. Qwest adopts and incorporates its responses to paragraphs 1 through 27 as if fully set forth herein.

29. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29.

30. Qwest admits that plaintiff seeks the relief specified in paragraph 30, but denies that plaintiff is entitled to any relief against Qwest.

## Count Four

31. Qwest adopts and incorporates its responses to paragraphs 1 through 30 as if fully set forth herein.

32. Qwest denies the allegations of paragraph 32 and specifically denies that plaintiff is entitled to any relief against Qwest.

33. For answer to paragraph 33, Qwest avers that Sections 2.1.3(D)(2)(C) and 2.3.9(C) of NECA Tariff 5 speak for themselves and denies any characterization of their meaning or content contrary to their plain meaning. Qwest further denies that plaintiff is entitled to any relief against Qwest.

34. Qwest denies the allegations of paragraph 34.

## Count Five

35. Qwest adopts and incorporates its responses to paragraphs 1 through 34 as if fully set forth herein.

36. Qwest denies the allegations of paragraph 36.

37. Qwest denies the allegations of paragraph 37.

38. Qwest denies the allegations of paragraph 38.

## Count Six

39. Qwest adopts and incorporates its responses to paragraphs 1 through 38 as if fully set forth herein.

40. Qwest denies the allegations of paragraph 40.

41. Qwest denies the allegations of paragraph 41.

42. Qwest denies the allegations of paragraph 42.

43. Qwest denies the allegations of paragraph 43.

44. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44.

45. Qwest denies the allegations of paragraph 45.

46. Qwest denies the allegations of paragraph 46.

## Prayer for Relief

47. Qwest adopts and incorporates its responses to paragraphs 1 through 46 as if fully set forth herein

For answer to plaintiff's prayer for relief, Qwest denies that plaintiff is entitled to the relief requested, and specifically denies that plaintiff is entitled to any relief against Qwest.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations, or by FCC precedent for back billing.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by applicable contract or tariff provisions that contain their own limitation of action and/or back billing provisions that are not as long as applicable statute(s) of limitations or FCC precedent for back billing.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches and ratification.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of exclusive and/or primary jurisdiction.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of contributory negligence and/or assumption of risk and/or *in pari delicto*.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to take all reasonable steps to mitigate damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Any service provided was provided pursuant to applicable tariffs on file with the Federal Communications Commission and/or the Alabama Public Service Commission. The terms and conditions of the services supplied are governed entirely by applicable tariff. Plaintiff's claims are therefore barred, in whole or in part, by application of the filed tariff doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

The only claims and representations with respect to the provisioning of tariffed services that are actionable are those set forth in published tariffs.

## NINTH AFFIRMATIVE DEFENSE

Any damage Plaintiff alleges to have suffered is due solely and totally to the acts and omissions of other parties for whom Qwest has no responsibility or control.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted, in whole or in part, by The Federal Communications Act, 47 U.S.C. §§ 151 *et seq.* ("the Act") of 1934, as amended.

## ELEVENTH AFFIRMATIVE DEFENSE

Qwest denies all allegations of the complaint not specifically admitted herein.

WHEREFORE, Qwest demands the entry of judgment in its favor and against plaintiff, dismissing the complaint with prejudice, together with costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

Respectfully submitted on this 28th day of February, 2007.

/s Robin G. Laurie
Robin G. Laurie (ASB-4217-U64R)
One of the Attorneys for Defendant Qwest
Communications Corporation
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Fax: (334) 269-3115
Email: rlaurie@balch.com

Leigh Anne Hodge (ASB-1008-E49L)
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
Telephone: (205) 226-8724
Fax: (205) 488-5698
Email: lhodge@balch.com

177539.1

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan M. Hooks (HOO032)
Mark D. Wilkerson (WIL072)
Dana H. Billingsley (BIL012)
Wilkerson & Bryan, P.C.
P. O. Box 830
405 South Hull Street
Montgomery, Alabama 36101-0830
Telephone: (334) 265-1500
Fax: (334) 265-0319
mark@wilkersonbryan.com
dana@wilkersonbryan.com
jonathan@wilkersonbryan.com

Patrick H. Tate (TAT006)
P. O. Box 680593
Fort Payne, Alabama 35968
Telephone: (256) 845-1047
Fax: (256) 845-1094
phtate@farmerstel.com

Bryan O. Balough (BAL026)
Starnes & Atchison
P. O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax : (205) 868-6099
bob@starneslaw.com

/s Robin G. Laurie
Of Counsel