IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FARMERS TELECOMMUNICATIONS COOPERATIVE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:06-cv-00790-WC ) |
| VERIZON BUSINESS NETWORK SERVICES INC. and QWEST COMMUNICATIONS CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT QWEST COMMUNICATIONS CORPORATION'S
ANSWER TO CROSS-CLAIM AND AFFIRMATIVE DEFENSES**

Defendant Qwest Communications Corporation ("Qwest") answers and responds to the cross-claim asserted against it by Verizon Business Network Services Inc. ("Verizon") as follows:

### ANSWER TO CROSS-CLAIM

1. Qwest denies the allegations of paragraph 1.

2. Qwest denies the allegations of paragraph 2.

3. Qwest denies the allegations of paragraph 3.

4. Qwest denies the allegations of paragraph 4.

5. Qwest denies the allegations of paragraph 5.

6. Qwest denies the allegations of paragraph 6.

7. Qwest admits that Verizon seeks the relief specified in paragraph 7, but denies that Verizon is entitled to any relief against Qwest.

178417.1

## PRAYER FOR RELIEF

For answer to Verizon's prayer for relief, Qwest denies that Verizon is entitled to the relief requested, and specifically denies that Verizon is entitled to any relief against Qwest.

### FIRST AFFIRMATIVE DEFENSE

Verizon's claims are barred, in whole or in part, by the applicable statute(s) of limitations, or by FCC precedent for back billing.

### SECOND AFFIRMATIVE DEFENSE

Verizon's claims are barred, in whole or in part, by applicable contract or tariff provisions that contain their own limitation of action and/or back billing provisions that are not as long as applicable statute(s) of limitations or FCC precedent for back billing.

### THIRD AFFIRMATIVE DEFENSE

Verizon's claims are barred by the doctrines of estoppel, waiver, laches and ratification.

### FOURTH AFFIRMATIVE DEFENSE

Verizon's claims are barred, in whole or in part, by the doctrine of exclusive and/or primary jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

Verizon's claims are barred by the doctrines of contributory negligence and/or assumption of risk and/or *in pari delicto*.

### SIXTH AFFIRMATIVE DEFENSE

Verizon failed to take all reasonable steps to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Any service provided was provided pursuant to applicable tariffs on file with the Federal Communications Commission and/or the Alabama Public Service Commission. The terms and

178417.1

conditions of the services supplied are governed entirely by applicable tariff. Verizon's claims are therefore barred, in whole or in part, by application of the filed tariff doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

The only claims and representations with respect to the provisioning of tariffed services that are actionable are those set forth in published tariffs.

### NINTH AFFIRMATIVE DEFENSE

Any damage Verizon alleges to have suffered is due solely and totally to the acts and omissions of other parties for whom Qwest has no responsibility or control.

### TENTH AFFIRMATIVE DEFENSE

Verizon's state law claims are preempted, in whole or in part, by The Federal Communications Act, 47 U.S.C. §§ 151 *et seq.* ("the Act") of 1934, as amended.

### ELEVENTH AFFIRMATIVE DEFENSE

Qwest denies all allegations of the cross-claim not specifically admitted herein.

### TWELFTH AFFIRMATIVE DEFENSE

The cross-claim is barred, in whole or in part, by breach of contract and/or tariff by Verizon and/or Farmers Telecommunications Cooperative, Inc. ("Farmers").

### THIRTEENTH AFFIRMATIVE DEFENSE

Qwest is not liable because it has acted in good faith and in conformity with the rates, terms and conditions of any applicable tariff or tariffs.

### FOURTEENTH AFFIRMATIVE DEFENSE

The cross-claim is barred, in whole or in part, because Verizon and/or Farmers has unclean hands.

178417.1

## FIFTEENTH AFFIRMATIVE DEFENSE

Qwest denies that its conduct is the proximate cause of any injury or damage to Verizon and denies that Verizon is entitled to any relief from Qwest.

## SIXTEENTH AFFIRMATIVE DEFENSE

Verizon's claims are barred by the voluntary payment doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Qwest reserves the right to amend this answer and plead any additional defenses, counterclaims or cross-claims which may arise in the course of the litigation.

Respectfully submitted on this 26th day of March, 2007.

/s Robin G. Laurie
Robin G. Laurie (ASB-4217-U64R)
One of the Attorneys for Defendant Qwest
Communications Corporation
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Fax: (334) 269-3115
Email: rlaurie@balch.com

Leigh Anne Hodge (ASB-1008-E49L)
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
Telephone: (205) 226-8724
Fax: (205) 488-5698
Email:  lhodge@balch.com

178417.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan M. Hooks (HOO032)
Mark D. Wilkerson (WIL072)
Dana H. Billingsley (BIL012)
Wilkerson & Bryan, P.C.
P. O. Box 830
405 South Hull Street
Montgomery, Alabama 36101-0830
Telephone: (334) 265-1500
Fax: (334) 265-0319
mark@wilkersonbryan.com
dana@wilkersonbryan.com
jonathan@wilkersonbryan.com

Patrick H. Tate (TAT006)
P. O. Box 680593
Fort Payne, Alabama 35968
Telephone: (256) 845-1047
Fax: (256) 845-1094
phtate@farmerstel.com

Bryan O. Balough (BAL026)
Starnes & Atchison
P. O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax : (205) 868-6099
bob@starneslaw.com

/s Robin G. Laurie
Robin G. Laurie (ASB-4217-U64R)
One of the Attorneys for Defendant Qwest Communications Corporation
Balch & Bingham LLP
105 Tallapoosa Street
Suite 200
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Fax: (334) 269-3115
Email: rlaurie@balch.com

178417.1