**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

April 26, 2007

# NOTICE OF CORRECTION

FROM:   Clerk's Office

Case Style:   Farmers Telecom. Cooperative, Inc. Verizon Business Network et al

Case No.:   2:06cv790-WC
              Document 36 Amended Complaint

This Notice of Correction was filed in the referenced case this date to attach the signed Amended Complaint in the record. The originally e-filed Amended Complaint was not signed. A copy of the signed Amended Complaint is also attached to this Notice.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FARMERS TELECOMMUNICATIONS COOPERATIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON BUSINESS NETWORK SERVICES INC. and QWEST COMMUNICATIONS CORPORATION, <br><br> Defendants. | CIVIL CASE NO. 2:06-cv-00790-WC |

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Farmers Telecommunications Cooperative, Inc. ("Farmers"), and seeks a declaratory ruling from the Court regarding the rights and responsibilities of Plaintiff and Defendants in regard to certain payments due and owing to Plaintiff, as set forth below.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as a diversity action between parties of different states involving an amount in controversy in excess of $75,000, and federal question jurisdiction pursuant to 28 U.S.C. § 1331, as all parties are providers of telephone service pursuant to the amendments to the federal Communications Act, 47 U.S.C. §§ 151, *et seq.* contained in the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (1996).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because each defendant is subject to personal jurisdiction in this District, and thus may be considered to reside therein.

**PARTIES**

3. Plaintiff Farmers Telecommunications Cooperative, Inc., is an Alabama corporation with its principal place of business in Rainsville, Alabama.

4. Defendant Verizon Business Network Services Inc. ("Verizon") is a Delaware corporation with its principal place of business in Virginia doing business in the State of Alabama at all times relevant to this Complaint.

5. Defendant Qwest Communications Corporation ("Qwest") is a Delaware corporation with its principal place of business in Colorado doing business in the State of Alabama.

**GENERAL ALLEGATIONS**

6. Farmers is an incumbent local exchange carrier ("ILEC") providing telecommunications service to customers located in DeKalb and Jackson counties in Alabama.

7. Farmers provides switched and special access to inter-exchange carriers ("IXCs"), which allows IXCs to transport or terminate telecommunications traffic to their end users via Farmers' network.

8. With certain exceptions irrelevant to the instant action, Farmers has adopted the National Exchange Carrier Association's ("NECA") Tariff No. 5, which governs the terms and conditions relevant to the provisioning of interstate telecommunications access services, and has been adopted as well for purposes of intrastate telecommunications access under relevant intrastate access tariffs. An IXC's act of using a carrier's network to terminate telecommunications traffic constitutes that IXC's agreement with the terms and conditions of that carrier's tariff.

9. In order to bill IXCs for their use of its network, Farmers determines the user's identity by a Carrier Identification Code ("CIC") assigned by the North American Numbering Plan Administrator ("NANPA"), an independent entity selected by the Federal Communications

Commission ("FCC") to administer the numbering plan for the Public Switched Telephone Network. Farmers is unable to determine the source of traffic traversing its network in the absence of a Carrier Identification Code.

10. CIC 0432 was assigned to LiTel Telecommunications ("LiTel") prior to 1992. LiTel later changed its name to LCI International, Inc. ("LCI"). Upon information and belief, Qwest later acquired LiTel/LCI.

11. Upon information and belief, and upon the representations made in Verizon's Counterclaim (Doc. 28, Counterclaim, ¶¶ 2, 4-8) and Cross-Claim (Doc. 28, Cross-Claim, ¶ 3), Verizon, or a company owned by Verizon, and Qwest entered into a contractual relationship whereby Qwest used Verizon's network to transport interexchange (long distance) traffic. This resulted in charges for CIC Code 0432 being billed to Verizon, the provider of the underlying service.

12. Beginning in February of 2001, or earlier, Farmers provided Verizon with access to its network in order to terminate traffic originating elsewhere. This access took the form of both switched access through Farmers' trunks and special access through 24 trunks.. In consideration of these services rendered to Verizon, Farmers has billed Verizon in accordance with Farmers' tariff for all access charges incurred by CIC 0432 at the following address:

> LCI 432
> 5040 Ritter Road
> PO Box 2038
> Mechanicsburg, PA  17055

As Defendant Verizon has conceded (Doc. 28, ¶14), 5040 Ritter Road is the address of a billing solution, mail processing and remittance processing company utilized by it.

13.  Upon information and belief, Verizon and Qwest terminated their contractual relationship at some point in 2003. However, through April 2006, Farmers continued to bill Verizon for access services related to CIC 0432 and Verizon remitted payment to Farmers for all such invoices without dispute.

14.  On June 15, 2006, Farmers received a request by electronic mail from Verizon for repayment in the amount of $639,997.21 for access charges incurred by CIC 0432 and paid by Verizon from January 2003 to April 2006. As Verizon contended in said demand for repayment, CIC 0432 "belongs to Qwest, and has not been on our network since July 2003."

15.  Farmers has informed Qwest of Verizon's claims and requested payment of access charges for services provided by Farmers to Qwest but mistakenly billed to Verizon. Qwest has failed to acknowledge responsibility for such payments and has asserted that its liability, in any event, would be limited to the last twenty-four (24) months, or to June 2004.

## COUNT ONE

16.  Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-15 above.

17.  Section 2.1.2(A) of NECA's Tariff No. 5, with which Farmers' access tariff concurs, provides, in pertinent part, that when a customer assigns or transfers services provided under said tariff, the customer must notify the carrier of such assignment or transfer.

18.  Section 13.4(I) of NECA's Tariff further provides, in pertinent part:

> If an [IXC] elects to change or discontinue use of a Carrier Identification Code (CIC) ..., the [IXC] will identify to the Telephone Company any affected end users and advise the Telephone Company of the new CIC to be assigned to these end users. If the CIC change involves a change of carrier for any end users, the [IXC] will notify the affected end users of the change. The Telephone Company will change the predesignated carrier code of each end user identified by the [IXC] to the new CIC and bill the

4

> [IXC] [a] nonrecurring charge ... for each end user line or trunk that is changed.

19. Verizon did not separately advise Farmers that it was discontinuing the use of CIC 0432.

20. Verizon has consistently and without objection paid the bills for CIC 0432 addressed to "LCI" since January 2003, which were accepted in good faith by Farmers. Despite having paid these bills, Verizon has now demanded a refund of overpayments allegedly made to Farmers since January 2003.

21. Because Verizon never separately notified Farmers of any change concerning the billing for CIC 0432 or provided it with a letter of agency, Farmers respectfully requests that this Court enter a judgment declaring that Verizon has breached the terms of the tariff, with which it agreed to comply when it terminated telecommunications traffic on Farmers' network.

22. Farmers additionally requests that this Honorable Court enter a judgment declaring that because Verizon has breached the terms of Farmers' tariff, Farmers has no obligation to refund any payments paid by Verizon and now being disputed as a result of transactions that may have occurred between Qwest and Verizon, to which Farmers was not a party.

## COUNT TWO

23. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-22 above.

24. The applicable statute of limitations pursuant to 47 U.S.C. § 415(b) or (c) for any action seeking damages or recovery of alleged overcharges due Verizon for interstate traffic transported on Farmers network is limited to two (2) years preceding June 15, 2006.

25. Farmers therefore respectfully requests that should this Honorable Court enter a judgment declaring any adjudication of liability on the part of Farmers to Verizon for such repayments or refund of overpayments, that this Court also enter a judgment declaring that any such liability is expressly limited to those damages or overpayments accruing after June 15, 2004.

## COUNT THREE

26. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-25 above.

27. Verizon paid bills without objection for over three (3) years before notifying Farmers of its intention to cease payment and to demand repayment from Farmers.

28. To the extent Verizon may be otherwise entitled to some form of equitable relief, Farmers respectfully requests that this Honorable Court enter a judgment declaring that Verizon has "slept on its rights" and is barred from the recoupment of its payments under the doctrine of laches.

## COUNT FOUR

29. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-28 above.

30. Should this Honorable Court determine that Farmers is liable to repay Verizon for accepting its voluntary payment of bills, Farmers requests a judgment declaring that Farmers is entitled to full indemnity from Qwest.

31. Sections 2.1.3(D)(2)(C) and 2.3.9(C) of NECA's Tariff No. 5, adopted for both interstate and intrastate traffic, provide that the customer, which is defined so as to include interexchange carriers such as Qwest, shall indemnify Farmers for, and defend and hold Farmers

harmless against any claim, loss, damages (including punitive), lawsuit, attorney fees, and/or and court costs arising out of the customer's acts or omissions in the course of using services provided pursuant to the tariff.

32.  Farmers therefore respectfully requests that should this Honorable Court enter a judgment declaring that Farmers is liable to Verizon for any amount, this Court also enter a judgment declaring that any such amount must be fully indemnified by Qwest.

## COUNT FIVE

33.  Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-36 above.

34.  By transporting and/or terminating traffic on Farmers' network, Qwest is bound by the terms of NECA's Tariff No. 5, which Farmers has for both interstate and intrastate traffic.

35.  Because Qwest is bound by the terms and conditions of Farmers' tariff, it is responsible for the payment of any and all charges traceable to CIC 0432 and billed to it as the IXC identifiable by that CIC.

36.  Farmers therefore respectfully requests that this Honorable Court enter a judgment declaring that to the extent Verizon is not liable for any payments to Farmers, Qwest is liable for all charges attributable to the use of the IXC identifiable as CIC 0432 for the period in question.

## COUNT SIX

37.  Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-36 above.

38. Should this Honorable Court determine that Farmers is liable to repay Verizon for accepting the latter's voluntary payment of bills, Farmers requests a judgment declaring that Farmers is entitled to recovery for Qwest's unjust enrichment.

39. At all times from January 2003, Qwest knew that it was receiving access to Farmers' network.

40. At all times during this period, Qwest had the ability to cease its use of and/or access to Farmers' facilities.

41. At no time during this period did Qwest cease its use of and/or access to Farmers' facilities, or in any way attempt to do so.

42. Farmers does not provide access to its facilities gratuitously; it expects to be paid for such access.

43. Qwest utilized the services provided by Farmers to provide services to third parties, for which it received compensation. Were Qwest to receive the benefit of Farmers' valuable services without paying for those services, Qwest would be unjustly enriched.

44. Farmers therefore respectfully requests that should this Honorable Court enter a judgment declaring that Farmers is liable to Verizon for any amount, this Court also enter a judgment declaring that Qwest has been unjustly enriched by Farmers' provision of services, and that Qwest therefore is liable to Farmers for said unjust enrichment.

### **PRAYER FOR RELIEF**

45. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-44 above.

WHEREFORE, Plaintiff Farmers Telecommunications Cooperative, Inc. prays that this Court enter a judgment declaring:

A. That Farmers has no legal or equitable obligation to repay Verizon or to seek indemnity from Qwest for any interstate or intrastate access charges incurred by CIC 0432 for telecommunications traffic traversing Farmers' telephone network.

B. In the alternative, that Verizon is not entitled to any such repayment or refund of overpayments in excess of those payments prior to June 15, 2004.

C. That, to the extent that any repayment is due from Farmers to Verizon, that such amount is owed first by Qwest to Farmers, either as payment of tariff charges, as indemnity for Farmers' loss, or in respect of Qwest's unjust enrichment.

Respectfully submitted on this 24th day of April, 2007.

/s/ Mark D. Wilkerson

MARK D. WILKERSON (WIL072)
DANA H. BILLINGSLEY (BIL012)
JONATHAN M. HOOKS (HOO032)
PATRICK H. TATE (TAT006)
Attorneys for Plaintiff Farmers Telecommunications Cooperative, Inc.

OF COUNSEL:
WILKERSON & BRYAN, P.C.
P.O. Box 830
405 South Hull Street
Montgomery, Alabama 36101-0830
(205) 265-1500
(334) 265-0319 – *fax*
mark@wilkersonbryan.com
dana@wilkersonbryan.com
jonathan@wilkersonbryan.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I have also served a copy of the foregoing by U.S. mail to the following:

Bryan O. Balogh
Robin H. Jones
STARNES & ATCHISON LLP
100 Brookwood Place
Seventh Floor
Post Office Box 598512
Birmingham, Alabama 35259-8512
205.868.6000
205.868.6099 (fax)
bob@starneslaw.com
rhj@starneslaw.com

Robin G. Laurie
Joseph Seawell Moore
BALCH & BINGHAM LLP
105 Tallapoosa Street
Suite 200
Montgomery, Alabama 36101
rlaurie@balch.com
jsmoore@balch.com

Leigh Anne Hodge
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
lhodge@balch.com

Jana Eisinger
QWEST SERVICES CORPORATION
1801 California Street
Suite 900
Denver, CO 80202
(303) 383-6508
Jana.Eisinger@Qwest.com

**Counsel for Defendant Verizon Business Network Services Inc.**

**Counsel for Qwest Communications Corporation**

_/s Jonathan M. Hooks_
Jonathan M. Hooks
Attorney for Farmers Telecommunications Cooperative, Inc.