**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| FARMERS<br>TELECOMMUNICATIONS<br>COOPERATIVE, INC., | ) <br> ) <br> ) <br> ) | |
|     Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. **2:06cv-00790-WC** |
| VERIZON BUSINESS NETWORK<br>SERVICES INC. and QWEST<br>COMMUNICATIONS<br>CORPORATION, | ) <br> ) <br> ) <br> ) <br> ) | |
|     Defendants. | ) <br> ) | |

**ANSWER TO THE AMENDED COMPLAINT, COUNTERCLAIMS AND AMENDED
CROSS-CLAIMS OF VERIZON BUSINESS NETWORK SERVICES INC.**

Defendant Verizon Business Network Services Inc. ("Verizon Business") hereby submits

this Answer to Complaint for Declaratory Judgment of Farmers Telecommunications

Cooperative, Inc. ("Plaintiff"), and files Counterclaims against Plaintiff and Cross-claims against

Qwest Communications Corporation ("Qwest"). Except for those allegations expressly admitted

herein, Verizon Business denies each and every allegation contained in the Complaint.

**JURISDICTION AND VENUE**

1.      Paragraph 1 contains legal conclusions as to which no response is necessary. To

the extent an answer is deemed required, the allegations in paragraph 1 are denied.

2.      Paragraph 2 contains legal conclusions as to which no response is necessary. To

the extent an answer is deemed required, these allegations in paragraph 2 are denied.

**PARTIES**

3.      Verizon Business is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies the allegations in paragraph 3.

4.      Verizon Business admits the allegations in paragraph 4.

5.      Verizon Business is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, denies the allegations in paragraph 5.

**GENERAL ALLEGATIONS**

6.      Verizon Business admits that Plaintiff is sometimes referred to as an incumbent local exchange carrier ("ILEC") and that Plaintiff is providing telecommunications services in Alabama.  Verizon Business is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining portions of paragraph 6 and, therefore, denies the allegations.

7.      Verizon Business is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, denies the allegations in paragraph 7.

8.      Insofar as the paragraph 8 contains allegations regarding the actions of third parties, Verizon Business is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore denies the allegations.  The tariff referenced in paragraph 8 speaks for itself and respectfully directs the Court to the tariff for its meaning and effect, and denies all inconsistent allegations.

9.      Verizon Business admits that the North American Numbering Plan Administrator ("NANPA") assigns Carrier Identification Codes ("CICs") and that NANPA is an entity selected by the Federal Communications Commission to administer the numbering plan for the Public Switched Telephone Network.  Verizon Business is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining portions of paragraph 9 and, therefore, denies the allegations.

10.      Verizon Business is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, denies the allegations in paragraph 10.

11.      Verizon Business admits that it entered into a contractual relationship with Qwest whereby Qwest used Verizon's network to transport interexchange traffic.  As relevant to the traffic at issue here, that relationship was discontinued in 2003.

12.      Verizon Business admits that Farmers provided Verizon with access to Farmers' network in order to terminate traffic.  Verizon Business denies that Farmers provided such access through "special access."  Verizon Business admits that 5040 Ritter Road is the address of a company utilized by Verizon Business to receive and process bills.   Insofar as paragraph 12 alleges Plaintiff's actions are in accordance with its tariff, paragraph 12 contains legal conclusions as to which no response is necessary.  To the extent an answer to the allegations that Plaintiff's actions are in accordance with its tariff, these allegations are denied.  Verizon Business is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining portions of paragraph 12 and, therefore, denies the allegations.

13.     Verizon Business admits that it and Qwest terminated their contractual

relationship, referred to in paragraph 11, in the year 2003.  Verizon Business admits that it

remitted payment to Plaintiff for invoices from Plaintiff from at least January 2003 to April

2006.

14.     Verizon Business admits the allegations contained in paragraph 14.

15.     Verizon Business is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 15 and, therefore, denies the allegations

in paragraph 15.

**COUNT ONE**

16.     Verizon Business adopts and incorporates by reference its responses to paragraphs

1 through 15 as though fully set forth here.

17.     The tariff referenced in paragraph 17 speaks for itself and Verizon Business

respectfully directs the Court to the tariff for its meaning and effect, and denies all inconsistent

allegations.  Verizon Business denies the remaining allegations in paragraph 17.

18.     The tariff referenced in paragraph 18 speaks for itself and Verizon Business

respectfully directs the Court to the tariff for its meaning and effect, and denies all inconsistent

allegations.  Verizon Business denies the remaining allegations in paragraph 18.

19.     Verizon Business admits that it did not advise Farmers that it was discontinuing

the use of CIC 432 in the year 2003.  Verizon Business denies that it was legally required to

provide any such notice.

20.     Verizon Business admits that until April 2006, Verizon Business has consistently

paid the bills received from Plaintiff for CIC 0432 since January 2003 and that Verizon Business

is demanding a refund of overpayments made since January 2003.  Verizon Business is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 20 and, therefore, denies the allegations.

21.       Verizon Business admits that Plaintiff purports to seek the relief requested in

paragraph 21. Verizon Business denies that Plaintiff is entitled to the relief sought in paragraph

21. Verizon denies the remaining allegations in paragraph 21.

22.       Verizon Business admits that Plaintiff purports to seek the relief requested in

paragraph 22. Verizon Business denies Plaintiff is entitled to the relief sought in paragraph 22.

Verizon denies the remaining allegations in paragraph 22.

## COUNT TWO

23.       Verizon Business adopts and incorporates by reference its responses to paragraphs

1 through 22 as though fully set forth here.

24.       Paragraph 24 contains legal conclusions as to which no response is necessary. To

the extent an answer to such allegations is deemed required, these allegations are denied.

25.       Verizon Business admits that Plaintiff purports to seek the relief requested in

paragraph 25. The remaining portions of paragraph 25 contain legal conclusions as to which no

response is necessary. To the extent an answer to such allegations is deemed required, these

allegations are denied.

## COUNT THREE

26.       Verizon Business adopts and incorporates by reference its responses to paragraphs

1 through 25 as though fully set forth here.

27.       Verizon Business admits that it paid bills for over three years prior to Verizon

Business's June 15, 2006 request for repayment referenced in paragraph 14 of the Complaint.

Verizon Business denies the remaining allegations in paragraph 27.

28.      Verizon Business admits that Plaintiff purports to seek the relief requested in paragraph 28. The remaining portions of paragraph 28 contain legal conclusions as to which no response is necessary. To the extent an answer to such allegations is deemed required, these allegations are denied.

## COUNT FOUR

29.      Verizon Business adopts and incorporates by reference its responses to paragraphs 1 through 28 as though fully set forth here.

30.      Verizon Business admits that Plaintiff purports to seek the relief requested in paragraph 30. The remaining portions of paragraph 30 contain legal conclusions as to which no response is necessary. To the extent an answer to such allegations is deemed required, these allegations are denied.

31.      The tariff referenced in paragraph 31 speaks for itself and Verizon Business respectfully directs the Court to that document for its meaning and effect, and denies all inconsistent allegations. The remaining portions of paragraph 31 contain legal conclusions as to which no response is necessary. To the extent an answer to such allegations is deemed required, these allegations are denied.

32.      Verizon Business admits that Plaintiff purports to seek the relief requested in paragraph 32. The remaining portions of paragraph 32 contain legal conclusions as to which no response is necessary. To the extent an answer to such allegations is deemed required, these allegations are denied.

## COUNT FIVE

33.      Verizon Business adopts and incorporates by reference its responses to paragraphs 1 through 32 as though fully set forth here.

34.     Paragraph 34 contains legal conclusions as to which no response is necessary. To the extent an answer is deemed required, the allegations in paragraph 34 are denied.

35.     Paragraph 35 contains legal conclusions as to which no response is necessary. To the extent an answer is deemed required, the allegations in paragraph 35 are denied.

36.     Verizon Business admits that Plaintiff purports to seek the relief requested in paragraph 36. The remaining portions of paragraph 36 contain legal conclusions as to which no response is necessary. To the extent an answer to such allegations is deemed required, these allegations are denied.

## COUNT SIX

37.     Verizon Business adopts and incorporates by reference its responses to paragraphs 1 through 36 as though fully set forth here.

38.     Paragraph 38 contains legal conclusions as to which no response is necessary. To the extent an answer is deemed required, the allegations in paragraph 38 are denied

39.     The allegations set forth in this paragraph 39 refer to another named defendant and therefore no response is required from Verizon Business.

40.     The allegations set forth in this paragraph 40 refer to another named defendant and therefore no response is required from Verizon Business.

41.     The allegations set forth in this paragraph 41 refer to another named defendant and therefore no response is required from Verizon Business.

42.     Verizon Business is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and, therefore, denies the allegations contained in paragraph 42.

43.      To the extent the allegations set forth in Paragraph 43 refer to another named

defendant, no response is required from Verizon Business.  To the extent that Paragraph 43

contains legal conclusions, no response is necessary.

44.      Verizon Business admits that Plaintiff purports to seek the relief requested in

paragraph 44.  The remaining portions of paragraph 44 contain legal conclusions as to which no

response is necessary.  To the extent an answer to such allegations is deemed required, these

allegations are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

45.      Verizon Business adopts and incorporates by reference its responses to paragraphs

1 through 44 as though fully set forth here.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by breach of contract and/or tariff by

Plaintiff or Qwest.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Verizon Business is not liable

under the terms of the contract or tariff.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because there is no consideration provided

to Verizon Business under the contract.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the Plaintiff's and/or Qwest's unjust enrichment.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of mistake of fact.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff and/or Qwest has unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the filed rate doctrine to the extent Farmers billed Verizon Business in contravention of the rates, terms and conditions contained in Farmers's tariff.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because granting the relief requested would impose on Verizon Business, Plaintiff, and/or Qwest "unjust and unreasonable discrimination" and/or an "undue or unreasonable preference or advantage" in violation of 47 U.S.C. § 202(a).

## ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint that the statute of limitations limits the available recovery to Verizon Business are barred by the doctrine of equitable tolling.

## TWELFTH AFFIRMATIVE DEFENSE

Any relief sought by plaintiff is completely offset by Verizon Business's counterclaim damages, cross-claim damages and/or the doctrines of indemnification and contribution.

## THIRTEENTH AFFIRMATIVE DEFENCE

Verizon Business asserts that any judgment against Verizon Business must be offset by the amount of any settlement reached between Plaintiff and any defendant.

## RESERVATION OF RIGHTS

Verizon Business hereby reserves the right, upon completion of its investigation and discovery, to file such additional defenses, counterclaims, cross-claims and/or additional defendant complaints as may be appropriate.

## COUNTERCLAIMS

1.      Verizon Business adopts and incorporates by reference its responses to above paragraphs 1 through 45 as though fully set forth here.

2.      Pursuant to a contract, Verizon Business provided Qwest with access to Verizon Business's network and services for the purposes of Qwest providing interexchange telecommunications services terminating in, among other places, Farmers's territory in Alabama.

3.      In order to properly route traffic and to bill interexchange carriers, such as Qwest, for their use of Verizon Business's network and any associated services or charges, Verizon Business tracks traffic based on a unique Carrier Identification Code ("CIC") that is assigned to each carrier.  CIC 0432 was assigned to Qwest.

4.      Qwest agreed to pay for services provided by Verizon Business.

5.      Qwest had a contractual duty to notify Verizon Business in writing at least thirty days before Qwest desired to change its long distance service provider and/or have Qwest's CIC

identified with another carrier.  Verizon Business requires this notice to allow Verizon Business to notify local exchange companies and ensure charges are billed to the correct party.

6.     Qwest was also under a contractual duty to provide the appropriate Letters of Authorization ("LOAs") that would allow Verizon business to coordinate the changes with local exchange carriers, such as Farmers.

7.     At some point in early 2003, Qwest stopped utilizing Verizon Business as a provider of long distance services as relevant to the events in the Counterclaims here.

8.     On information and belief after reasonable investigation, Verizon did not receive notification from Qwest that Qwest desired to change its long distance service provider.  On information and belief after reasonable investigation, Verizon did not receive notification from Qwest that Qwest desired to have its CIC translated to another carrier.  On information and belief after reasonable investigation, Verizon Business did not receive the appropriate LOAs from Qwest.

9.     When traffic that is carried over Verizon Business's network traverses or terminates on Farmers's network, Farmers bills Verizon Business for access charges for the use of Farmers's network.  Farmers should not bill access charges to Verizon Business for traffic that is not routed from Verizon Business's network.

10.     Farmers incorrectly billed Verizon Business for access charges for traffic that is attributable to CIC 0432 from early 2003 to early 2006.

11.     Farmers knew or should have known that it was improperly billing Verizon Business for access charges applicable to CIC 0432.

12.     Qwest knew or should have known that it should have been paying Farmers for access charges applicable to CIC 0432.

13.     Verizon reasonably and in good faith relied upon the accuracy of the bills provided by Farmers and paid Farmers more than $639,000 for access charges that were not applicable to services provided to Verizon Business.

## COUNT ONE

14.     Verizon Business adopts and incorporates by reference into this Counterclaim all of the other paragraphs in this document, except to the extent contradicted by this Counterclaim.

15.     Farmers provides access services pursuant to a tariff that concurs with NECA's Tariff F.C.C. No. 5.  Farmers's tariff established rates terms and conditions under which Farmers may charge Verizon Business and other interexchange carriers for access charges.

16.     Verizon Business did not order or request the services for which Farmers billed Verizon Business.  Farmers billed Verizon Business for services Farmers did not provide under the terms of the tariff to Verizon Business.  Verizon Business received no consideration for Verizon Business's payment of the bills received from Farmers.

   **WHEREFORE,** Verizon Business respectfully requests that this Court enter a judgment declaring that Verizon is not liable under the terms of the tariff for services it did not order or receive and require that Farmers must refund any payment made by Verizon Business for services Verizon Business did not order or receive.

## COUNT TWO

17.     Verizon Business adopts and incorporates by reference into this Counterclaim all of the other paragraphs in this document, except to the extent contradicted by this Counterclaim.

18.     As discussed in the preceding paragraphs, Farmers incorrectly and inappropriately billed Verizon for access services that were attributable to Qwest under CIC 0432.

19.    Verizon Business had not received the required notification from Qwest of its intent to discontinue use of Verizon Business's network for Qwest's provision of long distance or, alternatively, Qwest's desire to reassign CIC 0432.  As a direct result, Verizon Business reasonably and in good faith believed, or in the alternative was induced to believe by the actions of Farmers and/or Qwest, that the charges Farmers billed for services attributable to CIC 0432, were being appropriately billed to Verizon Business because Verizon Business believed Qwest was using Verizon Business's network.

20.    Verizon Business was mistaken as to the facts underlying the charges billed to Verizon Business, and but for these mistaken facts, Verizon would not have paid the charged billed by Farmers.

21.    Verizon was under no legal obligation to pay for the access charges attributable to CIC 0432.

    **WHEREFORE** Verizon Business respectfully requests that this Court enter a judgment declaring that Verizon is entitled to restitution equal to the amount of all payments made by Verizon Business as a result of the mistaken facts.

**COUNT THREE**

22.    Verizon Business adopts and incorporates by reference into this Counterclaim all of the other paragraphs in this document, except to the extent contradicted by this Counterclaim.

23.    Section 2.1.4 of NECA's Tariff F.C.C. No. 5 requires Farmers to "provide to the customer . . . services offered in other applicable sections of this tariff at rates and charges specified therein."

24.     By incorrectly overcharging Verizon Business for services Verizon Business did

not order or receive, Farmers breached its duty to provide Verizon Business with services under

the tariff "at rates and charges specified" within the tariff.

25.     Section 2.4.1(B) of NECA's Tariff F.C.C. No. 5 requires that Farmers "shall bill

on a current basis all charges incurred by and credits due to the customer under this tariff

attributable to services established or discontinued during the preceding billing period."

26.     By incorrectly billing Verizon Business for services Verizon Business did not

order or receive, Farmers breached its duty to bill for "charges incurred by . . . the customer

under this tariff attributable to services established . . . during the preceding billing period."

WHEREFORE, Verizon Business respectfully requests that this Court enter a judgment

declaring that Farmers breached its obligations under the tariff and, as a result, Farmers must

refund any payment made by Verizon Business for services not ordered by or provided to

Verizon Business under the terms of the tariff or for services provided to Qwest, together with

such other costs as the Court deems appropriate.

## COUNT FOUR

27.     Verizon Business adopts and incorporates by reference into this Counterclaim all

of the other paragraphs in this document, except to the extent contradicted by this Counterclaim.

28.     As set forth in the preceding paragraphs, Farmers billed Verizon Business in

contravention of the rates, terms and conditions contained in Farmers's tariff.

WHEREFORE, Verizon Business respectfully requests that this Court enter a judgment

declaring that Farmers violated the Filed Rate Doctrine and that Farmers may not retain any

payment made by Verizon Business beyond those required by the tariff.

## COUNT FIVE

29.     Verizon Business adopts and incorporates by reference into this Counterclaim all

of the other paragraphs in this document, except to the extent contradicted by this Counterclaim.

30.     47 U.S.C. § 202(a) reads

> It shall be unlawful for any common carrier to make any unjust or
> unreasonable discrimination in charges, practices, classifications,
> regulations, facilities, or services for or in connection with like
> communication service, directly or indirectly, by any means or
> device, or to make or give any undue or unreasonable preference or
> advantage to any particular person, class of persons, or locality, or
> to subject any particular person, class of persons, or locality to any
> undue or unreasonable prejudice or disadvantage.

31.     Farmers is a "common carrier" under this section, pursuant to the definition

provided in 47 U.S.C. § 153(10).

32.     Farmers unjustly and/or unreasonably discriminated against Verizon Business by

inappropriately billing Verizon Business for services it did not order or receive.  Furthermore,

Farmers gave an undue and/or unreasonable preference or advantage to Qwest by not charging

Qwest for services Farmers provided to Qwest.

     **WHEREFORE,** Verizon Business respectfully requests that this Court enter a judgment

declaring that Farmers violated 47 U.S.C. 202(a) and that Farmers must refund to Verizon

Business the payments Farmers obtained as a result discriminatory practices.

## COUNT SIX

33.     Verizon Business adopts and incorporates by reference into this Counterclaim all

of the other paragraphs in this document, except to the extent contradicted by this Counterclaim.

34.     As set forth in the preceding paragraphs, Farmers has unclean hands and has been

unjustly enriched due to its improper conduct and discriminatory billing practices.

35.     It is contrary to the principles of equity for Farmers to retain the benefits resulting from Farmers' unjust actions.

36.     Verizon Business respectfully requests that this Court enter a judgment declaring that Farmers has been unjustly enriched and, as a result, Farmers must refund any payment made by Verizon Business as a result of Farmers's improper billing practices, together with such interest and costs as this court deems appropriate.

**WHEREFORE,** In the alternative, to the extent the Court finds that Qwest is liable in whole or in part for payment of the disputed access charges, Verizon Business respectfully requests that this Court enter judgment declaring that Farmers has been unjustly enriched because Farmers would inappropriately double-recover and that equity requires that Farmers refund Verizon's previous payments of the access charges attributable to Qwest.

## PRAYER FOR RELIEF

Verizon Business adopts and incorporates by reference all of the other paragraphs in this document, except to the extent contradicted by this Prayer for Relief.

**WHEREFORE,** Verizon Business respectfully requests that this Honorable Court enter judgment in favor of Verizon Business and against Farmers for the amount Farmers billed to Verizon Business attributable to CIC 0432 between early 2003 to early 2006; and

**WHEREFORE**, Verizon Business respectfully requests that this Honorable Court also find Farmers liable to Verizon Business for interest, attorneys' fees, costs and such other and further relief as the nature of the case may require.

## CROSS-CLAIM

1.      As discussed in the preceding paragraphs, Qwest's failure to provide the required notifications and letters of authorizations resulted in Qwest receiving access to Farmer's network without being billed for such access.

2.      Instead, Verizon Business was billed for the access services provided by Farmers to Qwest and, based on Qwest's failure to notify Verizon Business pursuant to the terms of the contract, Verizon Business paid access charges that were attributable to Qwest.

3.      Qwest knew or should have known during the applicable period that Qwest was receiving access to Farmer's network without paying access charges.

## COUNT ONE

4.      Verizon Business adopts and incorporates by reference into this Cross-Claim all of the other paragraphs in this document, except to the extent contradicted by this Cross-Claim.

5.      By failing to provide the required notifications and letters of authorizations, Qwest breached its contract with Verizon Business.

6.      As a direct and proximate result of Qwest's breach of contract, Verizon Business was billed for the access services provided by Farmers to Qwest and Verizon Business paid the access charges that were attributable to Qwest

7.      Verizon Business respectfully requests that this Court enter a judgment declaring that Qwest has breached its contract with Verizon Business and, as a result, Qwest must pay Verizon Business an amount equal to the payments Verizon Business paid to Farmers for access charges attributable to Qwest.

## COUNT TWO

8.      Verizon Business adopts and incorporates by reference into this Cross-Claim all of the other paragraphs in this document, except to the extent contradicted by this Cross-Claim.

9.      Qwest has unclean hands and has been unjustly enriched due to its improper conduct.

10.      It is contrary to the principles of equity for Qwest to retain the benefits resulting from Qwest's unjust actions.

11.      Verizon Business respectfully requests that this Court enter a judgment declaring that Qwest has been unjustly enriched and, as a result, Qwest must pay Verizon Business an amount equal to the payments Verizon Business paid to Farmers for access charges attributable to Qwest.

## PRAYER FOR RELIEF

**WHEREFORE,** Verizon Business respectfully requests that this Honorable Court enter judgment in favor of Verizon Business and against Qwest for the amount Farmers billed to Verizon Business attributable to CIC 0432 between early 2003 to early 2006; and

**WHEREFORE**, Verizon Business respectfully requests that this Honorable Court also find Qwest liable to Verizon Business for interest, attorneys' fees, costs and such other and further relief as the nature of the case may require.

## JURY DEMAND

Verizon Business respectfully requests trial by struck jury on all claims, counterclaims and cross-claims asserted by and against Verizon Business.

DATED:  May 8, 2007                             Respectfully submitted,


                                                _____**s/ Robin H. Jones**_____
                                                Bryan O. Balogh (ASB-6298-042B)
                                                Robin H. Jones (ASB-0769-R51J)
                                                STARNES & ATCHISON LLP
                                                100 Brookwood Place
                                                Seventh Floor
                                                Post Office Box 598512
                                                Birmingham, Alabama 35259-8512
                                                205.868.6000
                                                205.868.6099 (fax)

                                                Scott H. Angstreich (*pro hac vice*)
                                                Robert A. Klinck (*pro hac vice*)
                                                KELLOGG, HUBER, HANSEN, TODD,
                                                   EVANS & FIGEL, P.L.L.C.
                                                1615 M Street, N.W., Suite 400
                                                Washington, D.C. 20036
                                                202.326.7900
                                                202.326.7999 (fax)


                                                Attorneys for Defendant
                                                Verizon Business Network Services Inc.

19

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2007, I electronically filed the foregoing using the CM/ECF system, which will provide electronic service copies to the following:

Dana H. Billingsley          dana@wilkersonbryan.com, cathy@wilkersonbryan.com

Leigh Anne Hodge          lhodge@balch.com, jglover@balch.com

Jonathan Michael Hooks    jonathan@wilkersonbryan.com,

Robin Garrett Laurie        rlaurie@balch.com, dearly@balch.com

Joseph Seawell Moore       jsmoore@balch.com, dharris@balch.com

Mark Douglas Wilkerson    mark@wilkersonbryan.com, cathy@wilkersonbryan.com

**Notice will be delivered by other means to:**

Jana Eisinger
QWest Services Corporation
1801 California Street
Suite 900
Denver, CO 80202

Patrick H. Tate
P.O. Box 680593
Fort Payne, AL 35968


                                     **s/ Robin H. Jones**
                                     OF COUNSEL