IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **FARMERS TELECOMMUNICATIONS COOPERATIVE, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **VERIZON BUSINESS NETWORK SERVICES INC. and QWEST COMMUNICATIONS CORPORATION,** <br><br> Defendants. | ) ) ) ) ) ) ) **CIVIL ACTION NO. 2:06-cv-00790-WC** ) ) ) ) ) ) ) |

## ANSWER OF DEFENDANT QWEST COMMUNICATIONS CORPORATION TO FIRST AMENDED COMPLAINT

Defendant Qwest Communications Corporation ("Qwest") answers Farmers Telecommunications Cooperative, Inc.'s ("Farmers") first amended complaint ("Complaint") as follows:

### Jurisdiction and Venue

1. Qwest admits that plaintiff seeks to invoke the jurisdiction of this Court as alleged.

2. Qwest admits that venue is proper in this judicial district.

### Parties

3. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.

4. No response to this allegation is required of Qwest.

5. Qwest admits the allegations of paragraph 5.

180828.1

**General Allegations**

6. Qwest admits the allegations of paragraph 6.

7. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7.

8. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 8. The allegations of the second sentence of 8 constitute a legal conclusion, which Qwest denies.

9. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9.

10. For answer to paragraph 10, Qwest avers that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning matters preceding 1992, admits that Qwest merged with LCI International, Inc. ("LCI") in December, 2001, but is without knowledge sufficient to form a belief as to the truth or falsity of the allegation that LiTel Telecommunications changed its name to LCI.

11. Qwest admits that it entered into contractual relationships with a company owned by Verizon whereby Qwest used Verizon's network to transport interexchange traffic, but otherwise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11.

12. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12.

13. Qwest denies the first sentence of paragraph 13, but otherwise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13.

180828.1

14. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14.

15. Qwest admits that plaintiff informed it of plaintiff's claims, but otherwise denies the allegations of paragraph 15.

## Count One

16. Qwest adopts and incorporates its responses to paragraphs 1 through 15 as if fully set forth herein.

17. For answer to paragraph 17, Qwest avers that Section 2.1.2(A) of NECA Tariff 5 speaks for itself and denies any characterization of its meaning or content contrary to its plain meaning.

18. For answer to paragraph 18, Qwest avers that Section 13.4(I) of NECA Tariff 5 speaks for itself and denies any characterization of its meaning or content contrary to its plain meaning.

19. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19.

20. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20.

21. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21.

22. Qwest admits that plaintiff seeks the relief specified in paragraph 22, but denies that plaintiff is entitled to any relief against Qwest.

180828.1

**Count Two**

23. Qwest adopts and incorporates its responses to paragraphs 1 through 22 as if fully set forth herein.

24. For answer to paragraph 24, Qwest avers that 47 U.S.C. § 415 speaks for itself and denies any characterization of its meaning or content contrary to its plain meaning.

25. Qwest admits that plaintiff seeks the relief specified in paragraph 25, but denies that plaintiff is entitled to any relief against Qwest.

**Count Three**

26. Qwest adopts and incorporates its responses to paragraphs 1 through 25 as if fully set forth herein.

27. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27.

28. Qwest admits that plaintiff seeks the relief specified in paragraph 28, but denies that plaintiff is entitled to any relief against Qwest.

**Count Four**

29. Qwest adopts and incorporates its responses to paragraphs 1 through 28 as if fully set forth herein.

30. Qwest denies the allegations of paragraph 30 and specifically denies that plaintiff is entitled to any relief against Qwest.

31. For answer to paragraph 31, Qwest avers that Sections 2.1.3(D)(2)(C) and 2.3.9(C) of NECA Tariff 5 speak for themselves and denies any characterization of their meaning or content contrary to their plain meaning. Qwest further denies that plaintiff is entitled to any relief against Qwest.

180828.1

32. Qwest denies the allegations of paragraph 32.

## Count Five

33. Qwest adopts and incorporates its responses to paragraphs 1 through 32 as if fully set forth herein.

34. Qwest denies the allegations of paragraph 34.

35. Qwest denies the allegations of paragraph 35.

36. Qwest denies the allegations of paragraph 36.

## Count Six

37. Qwest adopts and incorporates its responses to paragraphs 1 through 36 as if fully set forth herein.

38. Qwest denies the allegations of paragraph 38.

39. Qwest denies the allegations of paragraph 39.

40. Qwest denies the allegations of paragraph 40.

41. Qwest denies the allegations of paragraph 41.

42. Qwest is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42.

43. Qwest denies the allegations of paragraph 43.

44. Qwest denies the allegations of paragraph 44.

## Prayer for Relief

45. Qwest adopts and incorporates its responses to paragraphs 1 through 44 as if fully set forth herein.

For answer to plaintiff's prayer for relief, Qwest denies that plaintiff is entitled to the relief requested, and specifically denies that plaintiff is entitled to any relief against Qwest.

180828.1

## FIRST AFFIRMATIVE DEFENSE

Farmers' claims are barred, in whole or in part, by the applicable statute(s) of limitations, or by FCC precedent for back billing.

## SECOND AFFIRMATIVE DEFENSE

Farmers' claims are barred, in whole or in part, by applicable contract or tariff provisions that contain their own limitation of action and/or back billing provisions that are not as long as applicable statute(s) of limitations or FCC precedent for back billing.

## THIRD AFFIRMATIVE DEFENSE

Farmers' claims are barred by the doctrines of estoppel, waiver, laches and ratification.

## FOURTH AFFIRMATIVE DEFENSE

Farmers' claims are barred, in whole or in part, by the doctrine of exclusive and/or primary jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

Farmers' claims are barred by the doctrines of contributory negligence and/or assumption of risk and/or *in pari delicto*.

## SIXTH AFFIRMATIVE DEFENSE

Farmers failed to take all reasonable steps to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

Any service provided was provided pursuant to applicable tariffs on file with the Federal Communications Commission and/or the Alabama Public Service Commission. The terms and conditions of the services supplied are governed entirely by applicable tariff. Farmers' claims are therefore barred, in whole or in part, by application of the filed tariff doctrine.

180828.1

**EIGHTH AFFIRMATIVE DEFENSE**

The only claims and representations with respect to the provisioning of tariffed services that are actionable are those set forth in published tariffs.

**NINTH AFFIRMATIVE DEFENSE**

Any damage Farmers alleges to have suffered is due solely and totally to the acts and omissions of other parties for whom Qwest has no responsibility or control.

**TENTH AFFIRMATIVE DEFENSE**

Qwest is not liable because it has acted in good faith and in conformity with the rates, terms and conditions of any applicable tariff or tariffs and/or regulations.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Farmers and/or Farmers has unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Farmers' claims are barred by the voluntary payment doctrine.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Farmers' state law claims are preempted, in whole or in part, by The Federal Communications Act, 47 U.S.C. §§ 151 *et seq.* ("the Act") of 1934, as amended.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Qwest denies all allegations of the complaint not specifically admitted herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by breach of contract and/or tariff by Farmers and/or Verizon.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Qwest denies that its conduct is the proximate cause of any injury or damage to Farmers and denies that Farmers is entitled to any relief from Qwest.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Qwest reserves the right to amend this answer and plead any additional defenses, counterclaims or cross-claims which may arise in the course of the litigation.

WHEREFORE, Qwest demands the entry of judgment in its favor and against Farmers, dismissing the complaint with prejudice, together with costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

Respectfully submitted on this 10th day of May, 2007.

/s Robin G. Laurie
Robin G. Laurie (ASB-4217-U64R)
One of the Attorneys for Defendant Qwest Communications Corporation
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36101
Telephone:  (334) 834-6500
Fax:  (334) 269-3115
Email:  rlaurie@balch.com

180828.1

Leigh Anne Hodge (ASB-1008-E49L)
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
Telephone: (205) 226-8724
Fax: (205) 488-5698
Email:  lhodge@balch.com


Joseph Seawell Moore (ASB-9146-077M)
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36101
Telephone:  (334) 834-6500
Fax:  (334) 269-3115
jsmoore@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Jonathan M. Hooks (HOO032)
    Mark D. Wilkerson (WIL072)
    Dana H. Billingsley (BIL012)
    Wilkerson & Bryan, P.C.
    P. O. Box 830
    405 South Hull Street
    Montgomery, Alabama 36101-0830
    mark@wilkersonbryan.com
    dana@wilkersonbryan.com
    jonathan@wilkersonbryan.com

180828.1

Patrick H. Tate (TAT006)
P. O. Box 680593
Fort Payne, Alabama 35968
Telephone: (256) 845-1047
Fax: (256) 845-1094
phtate@farmerstel.com

Bryan O. Balough (BAL026)
Robin H. Jones
Starnes & Atchison
P. O. Box 598512
Birmingham, Alabama 35259-8512
bob@starneslaw.com

/s Robin G. Laurie
Of Counsel

180828.1