**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **FARMERS TELECOMMUNICATIONS COOPERATIVE, INC.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **CIVIL CASE NO. 2:06cv-00790-WC** |
| **VERIZON BUSINESS NETWORK SERVICES INC. and QWEST COMMUNICATIONS CORPORATION,** ) ) ) ) ) ) | |
| **Defendants.** ) | |

## ANSWER TO COUNTERCLAIM FILED BY VERIZON BUSINESS NETWORK SERVICES INC.

COMES NOW Counterclaim Defendant, Farmers Telecommunications Cooperative, Inc. ("Farmers"), before this Honorable Court and submits the following Answer in response to the Counterclaim filed by Verizon Business Network Services Inc. ("Verizon"). Although Verizon has not amended its counterclaim in any way, shape, or form, the pleading within which that counterclaim is contained technically has been superseded by the filing of an amended answer and amended cross-claim. Out of an abundance of caution, Farmers files the following answer, unchanged in all material respects to Verizon's counterclaim as found within Verizon's recent amended pleading. Except for allegations specifically admitted herein, Farmers denies each and every allegation in Verizon's Counterclaim against Farmers.

1.      To the extent that Paragraph 1 could be construed as containing any factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demand strict proof thereof.

2. Paragraph 2 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 2 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

3. Paragraph 3 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 3 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

4. Paragraph 4 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 4 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

5. Paragraph 5 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 5 could be construed as containing any other factual allegations, Farmers lacks

sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

6. Paragraph 6 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time. However, to the extent that Paragraph 6 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

7. Paragraph 7 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 7 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

8. Paragraph 8 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 8 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

9. Farmers admits that telecommunications traffic traversing or terminating on Farmers' network is subject to access charges. Otherwise, Paragraph 9 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence and draws conclusions based upon those unsubstantiated

assumptions. However, to the extent that Paragraph 9 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

10. Farmers denies that it responsible for any errors in billing of Verizon for access charges attributable to CIC 0432 from early 2003 to early 2006. Paragraph 10 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time. However, to the extent that Paragraph 10 of Verizon's Counterclaim could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

11. Farmers denies that it was responsible for improperly billing Verizon for access charges applicable to CIC 0432 and demands strict proof thereof. Paragraph 11 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time. However, to the extent that Paragraph 11 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

12. Paragraph 12 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 12 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

13. Farmers admits that Verizon paid more than $639,000.00 to Farmers for access charges from early 2003 to early 2006. Otherwise, Paragraph 13 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 13 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

## COUNT ONE

14. To the extent that Paragraph 14 could be construed as containing any factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

15. Farmers admits that its tariff establishes rates, terms and conditions for interstate access services that concur in part with NECA's Tariff F.C.C. No. 5. Otherwise Paragraph 15 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 15 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

16. Paragraph 16 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 16 could be construed as containing any factual allegations, Farmers lacks

sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

With regard to the unnumbered Paragraph following Paragraph 16 of Verizon's Counterclaim and beginning with "WHEREFORE", the same contains legal conclusions and a prayer for relief, neither of which requires a response from Farmers at this time. However, to the extent that this Paragraph could be construed as containing any other factual allegations, the same are denied, and Farmers demands strict proof thereof.

## COUNT TWO

17.     Farmers adopts and incorporates its answers in 1-16 above. To the extent that Paragraph 17 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

18.     Farmers admits that it billed, and Verizon paid, for access services attributed to CIC 0432. Otherwise, Paragraph 18 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 18 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

19.     Paragraph 19 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 19 could be construed as containing any other factual allegations, Farmers lacks

sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

20. Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

21. Paragraph 21 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time. However, to the extent that Paragraph 21 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

With regard to the unnumbered Paragraph following Paragraph 21 of Verizon's Counterclaim and beginning with "WHEREFORE", the same contains legal conclusions and a prayer for relief, neither of which requires a response from Farmers at this time. However, to the extent that this Paragraph could be construed as containing any other factual allegations, the same are denied, and Farmers demands strict proof thereof.

## COUNT THREE

22. Farmers adopts and incorporates its answers in 1-16 above. To the extent that Paragraph 22 could be construed as containing any factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

23. With regard to Paragraph 23 of Verizon's Counterclaim, Section 2.1.4 of NECA's Tariff F.C.C. No. 5 speaks for itself. Farmers admits that Verizon has quoted sections from Section 2.14 of N.E.C.A. Section 2.14. To the extent that Paragraph 23 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or

deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

24. Farmers denies that it has breached any duty to Verizon. Otherwise, Paragraph 24 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 24 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

25. With regard to Paragraph 25 of Verizon's Counterclaim, Section 2.1.4(B) of NECA's Tariff F.C.C. No. 5 speaks for itself. Farmers admits that Verizon has quoted a portion of Section 2.1.4(B) of NECA's Tariff F.C.C. No. 5. Otherwise, Paragraph 25 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time. However, to the extent that Paragraph 25 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

26. Farmers denies that it has breached any duty to Verizon. Otherwise, Paragraph 26 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 26 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

With regard to the unnumbered Paragraph following Paragraph 26 of Verizon's Counterclaim and beginning with "WHEREFORE", the same contains legal conclusions and a prayer for relief, neither of which requires a response from Farmers at this time. Farmers denies that it has breached any duty to Verizon under the terms of Farmers' tariff. To the extent that this Paragraph could be construed as containing any other factual allegations, the same are denied, and Farmers demands strict proof thereof.

## COUNT FOUR

27. Farmers adopts and incorporates its answers in 1-26 above. To the extent that Paragraph 27 could be construed as containing any factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

28. Farmers denies that it has billed Verizon in contravention of the rates, terms and conditions contained in Farmers' tariff. Otherwise, Paragraph 28 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time, assumes certain facts which are not in evidence, and draws conclusions based upon those unsubstantiated assumptions. However, to the extent that Paragraph 28 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

   . With regard to the unnumbered Paragraph following Paragraph 28 of Verizon's Counterclaim and beginning with "WHEREFORE", the same contains legal conclusions and a prayer for relief, neither of which requires a response from Farmers at this time Farmers denies that it has violated the filed Rate Doctrine and demands strict proof thereof. To the extent that

this Paragraph could be construed as containing any other factual allegations, the same are denied, and Farmers demands strict proof thereof.

## COUNT FIVE

29.    Farmers adopts and incorporates its answers in 1-29 above. To the extent that Paragraph 29 could be construed as containing any factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

30.    With regard to Paragraph 30 of Verizon's Counterclaim, 47 U.S.C. § 202(a) speaks for itself. Farmers admits that Verizon has quoted from a portion of 47 U.S.C. § 202(a). To the extent that Paragraph 30 could be construed as containing any factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

31.    Admitted.

32.    Farmers denies the allegations of Paragraph 32 of Verizon's Counterclaim and demands strict proof thereof.

With regard to the unnumbered Paragraph following Paragraph 32 of Verizon's Counterclaim and beginning with "WHEREFORE", the same contains legal conclusions and a prayer for relief, neither of which requires a response from Farmers at this time. To the extent that this Paragraph could be construed as containing any other factual allegations, the same are denied, and Farmers demands strict proof thereof.

## COUNT SIX

33. Farmers adopts and incorporates its answers in 1-32 above. To the extent that Paragraph 33 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

34. Farmers denies the allegations of Paragraph 34 of Verizon's Counterclaim and demands strict proof thereof.

35 Paragraph 35 of Verizon's Counterclaim contains legal conclusions which do not require a response from Farmers at this time. However, to the extent that Paragraph 35 could be construed as containing any other factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

36. Farmer's denies the allegations of Paragraph 36 of Verizon's Counterclaim.

With regard to the unnumbered Paragraph following Paragraph 36 of Verizon's Counterclaim and beginning with "WHEREFORE", the same contains legal conclusions and a prayer for relief, neither of which requires a response from Farmers at this time. However, to the extent that this Paragraph could be construed as containing any other factual allegations, the same are denied, and Farmers demands strict proof thereof.

## PRAYER FOR RELIEF

To the extent that these Paragraphs could be construed as containing any factual allegations, Farmers lacks sufficient personal knowledge to admit or deny the veracity of said allegations and, therefore, denies same and demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

11

The Counterclaim, and each and every count thereof, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by breach of contract and/or tariff by Verizon and/or Qwest.

## THIRD AFFIRMATIVE DEFENSE

Farmers is not liable because it has acted in good faith and in conformity with the rates, terms and conditions of any applicable tariff or tariffs.

## FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, because Verizon failed to comply with the terms of any applicable tariff or tariffs.

## FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of mistake of fact.

## SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, because Verizon and/or Qwest has unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Any relief sought from Farmers by Verizon is completely offset by any damages received by Verizon as a result of its cross-claim against Qwest.

## EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrines of contributory negligence and/or assumption of risk and/or in pari delicto.

## NINTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of equitable estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Verizon's claims are barred, in whole or part, by its failure to avoid, minimize, or mitigate its alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Farmers denies that it has discriminated against Verizon or that it has given an undue and/or unreasonable advantage or preference to Qwest. Farmers further denies that it has been unjustly enriched or that it has breached any legal or contractual duty owed to Verizon.

## THIRTEENTH AFFIRMATIVE DEFENSE

Farmers denies that its conduct is the probable cause of any injury or damage to Verizon and denies that Verizon is entitled to any relief from Farmers whatsoever.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any and all factual allegations which have not been specifically admitted are hereby denied.

## FIFTEENTH AFFIRMATIVE DEFENSE

Farmers reserves the right to amend this answer and plead any additional defenses, counterclaims or cross-claims which may arise in the course of the litigation.

Respectfully submitted on this 15th day of May, 2007.

              _____*s/ Jonathan M. Hooks*_____
              MARK D. WILKERSON (WIL072)
              DANA H. BILLINGSLEY (BIL012)
              JONATHAN M. HOOKS (HOO032)
              PATRICK H. TATE (TAT006)
              Attorneys for Plaintiff Farmers Telecommunications Cooperative, Inc.

| | |
|---|---|
| OF COUNSEL: | |
| WILKERSON & BRYAN, P.C. | PATRICK H. TATE, P.A. |
| P.O. Box 830 | P. O. Box 680593 |
| 405 South Hull Street | Fort Payne, AL 35967-0593 |
| Montgomery, Alabama  36101-0830 | (256) 845-1047 |
| (205) 265-1500 | (256) 845-1045 – *fax* |
| (334) 265-0319 – *fax* | phtate@farmerstel.com |
| mark@wilkersonbryan.com | |
| dana@wilkersonbryan.com | |
| jonathan@wilkersonbryan.com | |

## CERTIFICATE OF SERVICE

      I hereby certify that on May 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I have also served a copy of the foregoing by U.S. mail to the following:

Bryan O. Balogh
Robin H. Jones
STARNES & ATCHISON LLP
100 Brookwood Place
Seventh Floor
Post Office Box 598512
Birmingham, Alabama 35259-8512
205.868.6000
205.868.6099 (fax)
bob@starneslaw.com
rhj@starneslaw.com

Scott H. Angstreich
Robert A. Klinck
KELLOGG HUBER HANSON TODD
EVANS & FIGEL, PLLC
Sumner Square, Suite 400
1615 M Street NW
Washington, DC 20036
202.326.7959
202.326.7999 (fax)
sangstreich@khhte.com

**Counsel for Defendant Verizon Business Network Services Inc.**

Robin G. Laurie
Joseph S. Moore
BALCH & BINGHAM LLP
105 Tallapoosa Street
Suite 200
Montgomery, Alabama 36101
rlaurie@balch.com

Leigh Anne Hodge
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
lhodge@balch.com

Jana Eisinger
QWEST SERVICES CORPORATION
1801 California Street
Suite 900
Denver, CO 80202
(303) 383-6508
Jana.Eisinger@Qwest.com

**Counsel for Qwest Communications Corporation**

                                        *s/ Jonathan M. Hooks*
                                        Jonathan M. Hooks
                                        Attorney for Plaintiff/Counterclaim Defendant
                                        Farmers Telecommunications Cooperative, Inc.