IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FARMERS TELECOMMUNICATIONS COOPERATIVE, INC., )<br>)<br>Plaintiff,  )<br>)<br>v.   )<br>)<br>VERIZON BUSINESS NETWORK )<br>SERVICES INC. and QWEST )<br>COMMUNICATIONS CORPORATION,  )<br>)<br>Defendants. | Case No.<br>2:06-cv-00790-WC |

QWEST COMMUNICATIONS CORPORATION'S
MOTION TO AMEND ITS ANSWER TO
VERIZON'S AMENDED CROSS-CLAIM

Defendant/Cross-claim Defendant Qwest Communications Corporation ("Qwest") respectfully moves this Court, pursuant to Rule 15(a) of the *Federal Rules of Civil Procedure*, to amend its answer to Verizon Business Network Services, Inc.'s ("Verizon") Amended Cross-claim. Qwest's proposed Amended Answer to Amended Cross-Claim attached hereto as "Exhibit A." In support, Qwest shows as follows:

1. On March 1, 2007, this Court entered a Scheduling Order allowing parties to amend the pleadings before May 15, 2007.

2. During Qwest's investigation of the various claims in this action and possible defenses thereto, it has become of aware of facts and/or documents that support the addition of an additional affirmative defense in its Answer to Amended Cross-claim. Qwest also seeks to correct two typographical errors in that pleading. This Motion is filed in good faith and will not cause undue prejudice to Farmers Telecommunications Cooperative, Inc. ("Farmers") or Verizon and will not delay the litigation process.

186069.1

3.  Rule 15(a) provides that leave to amend a pleading should be freely given when justice so requires." *Fed. R. Civ. P.* 15(a). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court held that "this mandate is to be heeded" because it is "entirely contrary to the spirit of the *Federal Rules of Civil Procedure* for decisions on the merits to be avoided on the basis of pleading technicalities." *Foman*, 371 U.S. at 182 (finding that the trial court abused its discretion in refusing to permit the plaintiff to amend the complaint after the district court entered judgment as a matter of law for the defendant). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principles that the purpose of pleading is to facilitate a proper decision on the merits. *Id.* The Court went on to hold that "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Id.* (internal citation omitted).

4.  Although the decision to grant leave to amend is committed to the sound discretion of the trial court, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984); *see also Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995) (leave to amend should be liberally granted); *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (affirming district court's granting of motion for leave to amend answer); *Barnett v. Norfolk & Dedham Mut. Co.*, 773 F. Supp. 1529, 1532 (N.D. Ga. 1991) (absent compelling circumstances, motion for leave to amend answer should be granted). This Court should exercise its discretion and allow Qwest to amend its answer to the Amended Cross-

claim.

### *The Amendment Will Not Prejudice Plaintiff or Cross-claim Plaintiff*

5. "[T]he most important factor to consider in deciding whether to grant or deny leave to amend is prejudice to the opposing party." *Cowart v. Metropolitan Life Ins., Co.*, 444 F. Supp. 2d 1282, 1295 (M.D. Ga. 2006) (allowing amendment after discovery was completed); *see also* Charles Alan Wright & Arthur R. Miller, 6 *Federal Practice and Procedure* § 1487, at 613 (2d ed. 1990) (stating that prejudice to the opposing party is "[p]erhaps the most important factor" in the analysis). In determining whether prejudice exists, at least three federal circuits consider whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery[1] and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3rd Cir. 2004) (affirming trial court's allowance of amended defense of statute of limitations); *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (allowing amendment to answer to assert statute of limitations defense); *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) (affirming the trial court's allowance of amended defense of the statute of limitations in the defendant's motion for summary judgment filed four years after the case began and dismissal of the action as time barred).

6. Here, the above listed factors establish that neither Farmers nor Verizon will be prejudiced by Qwest's proposed amendment. Qwest merely wishes to assert an additional

---

[1] The Fifth and Seventh Circuits primarily consider whether the amendment would require additional discovery. *See, e.g., Smith v. EMC Corp.*, 393 F.3d 590 (5th Cir. 2004); *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). However, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend the pleading." *United States v. Cont'l Ill. Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989). In the present case, Verizon is the only party that has propounded discovery and no depositions have been taken.

affirmative defense through an amended answer to Verizon's Amended Cross-claim and correct typographical errors in its Twelfth and Fourteenth defenses to that Cross-claim. Further, discovery has only just begun and no depositions have been taken.

### *The Amendment is Not Frivolous or Futile*

7.  Leave to amend should not be denied unless "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." Wright & Miller, 6 *Federal Practice & Procedure* § 1487, at 637. An amendment is not futile or frivolous where, such as here, it raises "a potentially viable complete defense." *See Shiflet v. Allstate Ins. Co.*, 233 F.R.D. 465, 467 (D. S.C. 2006).

8.  Qwest merely wishes to assert the additional affirmative defenses of release, discharge and/or accord and satisfaction based on a settlement agreement between Qwest and Verizon (MCI). Because this defense, on its face, provides a potentially dispositive defense to Qwest in limiting the temporal scope of Verizon's cross-claim, Qwest's proposed amendment is not frivolous or futile and should be allowed.

### Conclusion

WHEREFORE, premises considered, Qwest respectfully requests that this Court grant its motion to amend its answers to Farmers' Amended Complaint and Verizon's Amended Cross-claim.

Respectfully submitted this 2nd day of October, 2007.

/s/ Robin G. Laurie
Robin G. Laurie (ASB-4217-U64R)
One of the Attorneys for Defendant Qwest
Communications Corporation
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36101

                                    Telephone:  (334) 834-6500
                                    Fax:  (334) 269-3115
                                    Email:  rlaurie@balch.com

Leigh Anne Hodge (ASB-1008-E49L)
Joseph Seawell Moore (ASB-9146-O77M)
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
Telephone: (205) 226-8724
Fax: (205) 488-5698
Email:  lhodge@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by United States Mail, postage prepaid and properly addressed and postage prepaid, on this the 2nd day of October, 2007:

Jonathan M. Hooks (HOO032)
Mark D. Wilkerson (WIL072)
Dana H. Billingsley (BIL012)
Wilkerson & Bryan, P.C.
P. O. Box 830
405 South Hull Street
Montgomery, Alabama 36101-0830
Telephone: (334) 265-1500
Fax: (334) 265-0319
mark@wilkersonbryan.com
dana@wilkersonbryan.com
jonathan@wilkersonbryan.com

Patrick H. Tate (TAT006)
P. O. Box 680593
Fort Payne, Alabama 35968
Telephone: (256) 845-1047
Fax: (256) 845-1094
phtate@farmerstel.com

Bryan O. Balough (BAL026)
Starnes & Atchison
P. O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax : (205) 868-6099
bob@starneslaw.com

Scott H. Angstreich
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Fax: (202) 326-7999

/s/ Robin G. Laurie
Of Counsel

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FARMERS TELECOMMUNICATIONS COOPERATIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON BUSINESS NETWORK SERVICES INC. and QWEST COMMUNICATIONS CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:06-cv-00790-WC ) ) ) ) ) ) ) |

### DEFENDANT QWEST COMMUNICATIONS CORPORATION'S AMENDED ANSWER TO AMENDED CROSS-CLAIM

Defendant Qwest Communications Corporation ("Qwest") answers and responds to the amended cross-claim ("Cross-claim") asserted against it by Verizon Business Network Services Inc. ("Verizon") as follows:

### ANSWER TO CROSS-CLAIM

1. Qwest denies the allegations of paragraph 1.

2. Qwest denies the allegations of paragraph 2.

3. Qwest denies the allegations of paragraph 3.

### COUNT ONE

4. Qwest denies the allegations of paragraph 4.

5. Qwest denies the allegations of paragraph 5.

6. Qwest denies the allegations of paragraph 6.

7. Qwest admits that Verizon seeks the relief specified in paragraph 7, but denies that Verizon is entitled to any relief against Qwest.

186070.1

## COUNT TWO

8. Qwest denies the allegations of paragraph 8.

9. Qwest denies the allegations of paragraph 9.

10. Qwest denies the allegations of paragraph 10.

11. Qwest admits that Verizon seeks the relief specified in paragraph 11, but denies that Verizon is entitled to any relief against Qwest.

## PRAYER FOR RELIEF

For answer to Verizon's prayer for relief, Qwest denies that Verizon is entitled to the relief requested, and specifically denies that Verizon is entitled to any relief against Qwest.

## FIRST AFFIRMATIVE DEFENSE

Verizon's claims are barred, in whole or in part, by the applicable statute(s) of limitations, or by FCC precedent for back billing.

## SECOND AFFIRMATIVE DEFENSE

Verizon's claims are barred, in whole or in part, by applicable contract or tariff provisions that contain its own limitation of action and/or back billing provisions that are not as long as applicable statute(s) of limitations or FCC precedent for back billing.

## THIRD AFFIRMATIVE DEFENSE

Verizon's claims are barred by the doctrines of estoppel, waiver, laches and ratification.

## FOURTH AFFIRMATIVE DEFENSE

Verizon's claims are barred, in whole or in part, by the doctrine of exclusive and/or primary jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

Verizon's claims are barred by the doctrines of contributory negligence and/or assumption of risk and/or *in pari delicto*.

### SIXTH AFFIRMATIVE DEFENSE

Verizon failed to take all reasonable steps to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Any service provided was provided pursuant to applicable tariffs on file with the Federal Communications Commission and/or the Alabama Public Service Commission. The terms and conditions of the services supplied are governed entirely by applicable tariff. Verizon's claims are therefore barred, in whole or in part, by application of the filed tariff doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

The only claims and representations with respect to the provisioning of tariffed services that are actionable are those set forth in published tariffs.

### NINTH AFFIRMATIVE DEFENSE

Any damage Verizon alleges to have suffered is due solely and totally to the acts and omissions of other parties for whom Qwest has no responsibility or control.

### TENTH AFFIRMATIVE DEFENSE

Qwest is not liable because it has acted in good faith and in conformity with the rates, terms and conditions of any applicable tariff or tariffs and/or regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

The Cross-claim is barred, in whole or in part, because Verizon and/or Farmers has unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Verizon's claims are barred by the voluntary payment doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Cross-claim fails to state a claim upon which relief can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Verizon's state law claims are preempted, in whole or in part, by The Federal Communications Act, 47 U.S.C. §§ 151 *et seq.* ("the Act") of 1934, as amended.

## FIFTEENTH AFFIRMATIVE DEFENSE

Qwest denies all allegations of the Cross-claim not specifically admitted herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Cross-claim is barred, in whole or in part, by breach of contract and/or tariff by Verizon and/or Farmers.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Qwest denies that its conduct is the proximate cause of any injury or damage to Verizon and denies that Verizon is entitled to any relief from Qwest.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Qwest reserves the right to amend this answer and plead any additional defenses, counterclaims or cross-claims which may arise in the course of the litigation.

## NINETEENTH AFFIRMATIVE DEFENSE

The Amended Cross-claim is barred, in whole or in part, by release, discharge and/or accord and satisfaction arising out of a confidential settlement agreement dated August 14, 2003 between Qwest and Verizon (MCI).

Respectfully submitted on this \_\_2nd\_\_ day of October, 2007.

/s Robin G. Laurie
Robin G. Laurie (ASB-4217-U64R)
One of the Attorneys for Defendant Qwest
Communications Corporation
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Fax: (334) 269-3115
Email: rlaurie@balch.com

Joseph Seawell Moore (ASB-9146-077M)
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Fax: (334) 269-3115
jsmoore@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that on this \_\_2nd\_\_ day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan M. Hooks (HOO032)
Mark D. Wilkerson (WIL072)
Dana H. Billingsley (BIL012)
Wilkerson & Bryan, P.C.
P. O. Box 830
405 South Hull Street
Montgomery, Alabama 36101-0830
Telephone: (334) 265-1500
Fax: (334) 265-0319
mark@wilkersonbryan.com
dana@wilkersonbryan.com
jonathan@wilkersonbryan.com

186070.1                                5

Patrick H. Tate (TAT006)
P. O. Box 680593
Fort Payne, Alabama 35968
Telephone: (256) 845-1047
Fax: (256) 845-1094
phtate@farmerstel.com

Bryan O. Balough (BAL026)
Starnes & Atchison
P. O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax : (205) 868-6099
bob@starneslaw.com

/s Robin G. Laurie
Robin G. Laurie (ASB-4217-U64R)
One of the Attorneys for Defendant Qwest
Communications Corporation
Balch & Bingham LLP
105 Tallapoosa Street
Suite 200
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Fax: (334) 269-3115
Email: rlaurie@balch.com